IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ISAAC KING, JR., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL NO. 5:11-CV-387-CAR-CHW |
| | : | |
| H. CULLEN TALTON, JR., et. al. | : | |
| | : | |
| Defendants | : | |

_____

# ORDER

Plaintiff **ISAAC KING,** an inmate at the Houston County Detention Facility in Perry, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. ▪1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. ▪ 1915(a).   After an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, the Court finds that it is due to be **DISMISSED** for failure to state a claim.   Thus, leave to proceed *in forma pauperis* will be **GRANTED**, but only for the purpose of dismissal.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. ▪ 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint Awhich seeks redress from a governmental entity or officer or employee of a governmental entity.@  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) Afrivolous, malicious, or fails to state a claim

upon which relief may be granted" or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (internal quotations and citations omitted); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  <u>See</u> <u>Chappell v. Rich</u>, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). <u>See also</u> 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the

standard in "1915A Ashall@be dismissed on preliminary review).

Of course, when reviewing Plaintiff's Complaint under 28 U.S.C. § 1915A, this Court is required to view all factual allegations therein as true.  Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).  Plaintiff's *pro se* pleading must also be held to a less stringent standard than pleadings drafted by attorneys and thus be liberally construed. Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998).

### STATEMENT AND ANALYSIS OF CLAIMS

The present action arises out of Plaintiff Isaac King's slip and fall down stairs at the Houston County Detention Facility on August 18, 2011.  According to the Complaint, Plaintiff advised officials that he suffered from problems with his left leg and had difficulty walking.  They nonetheless "put [Plaintiff] on the top stairs."  On August 18th, Plaintiff slipped and fell down the stairs, injuring his neck and back.  He was taken to "medical" but has never seen a doctor, and ten subsequent requests for medical treatment have apparently been ignored.  Plaintiff, however, fails to identify any specific individual allegedly responsible for placing him upstairs or denying him medical treatment.  Though he identifies Officer Beasley and Sergeant Handy as potential witnesses, he does not state any allegations against them and did not name either as a defendant.

There are also no factual allegations against any of named Defendants in the body of his Complaint.  Plaintiff's Complaint merely names the "**Medical Staff of Houston**

**County Detention Facility**," **Sheriff H. Cullent Talton, Jr.**, and **Jail Administrator Charlie Holt** in the caption of the Complaint. The United States Court of Appeals for the Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Often times, however, the Court will allow a *pro se* plaintiff to recast or supplement his Complaint when insufficient allegations are made. Such an effort would be futile here. None of the named Defendants are proper parties, and Plaintiff's Complaint suggests that he failed to exhaust all of the administrative remedies available to him prior to filing suit.

First of all, Plaintiff erroneously named the "**Medical Staff of Houston County Detention Facility**" as a defendant. A state prison's medical department is not a person or an entity subject to suit because it does not have legal existence. Spires v. Paul, 2011 WL 2604726 at *2 (S.D. Ga. June 7, 2011).

It is also appears that Plaintiff erroneously named Defendants **Talton** and **Holt**

4

solely because of their supervisory responsibilities at the Houston County Detention Facility.  It is well settled that wardens and other supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).  To state a viable claim against a supervisory official, a plaintiff must allege that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. See id.  Plaintiff has not linked the supervisory officials named in the Complaint to any constitutional violation alleged.

Furthermore, even if Plaintiff could recast or amend his Complaint to name the proper parties and make the proper allegations, his suit is likely barred due to his failure to exhaust administrative remedies.  Plaintiff's present claims arise out of a fall that occurred on August 18, 2011 and the medical requests occurring sometime thereafter. Thus, given the timing of the events, it is unlikely Plaintiff has had time to exhaust all administrative remedies available to him prior to filing suit. Indeed, Plaintiff's Complaint expressly states that he did not appeal the denial of his grievance because he "can't get no result."

The exhaustion of available administrative remedies is a mandatory requirement. Porter v. Nussle, 534 U.S. 516, 523, 122 S. Ct. 983, 152 L.Ed.2d 12 (2002); 42 U.S.C.

5

§1997e(a); see also O'Brien v. U.S., 137 Fed. Appx. 295, 301-302 (11th Cir. 2005) (finding lack of exhaustion where prisoner "prematurely filed his civil complaint . . . and . . . failed to heed that clear statutory command" requiring that his administrative remedies be exhausted before bringing suit").  It cannot be waived even when the grievance process is futile or inadequate.  Jones v. Bock, 127 S. Ct. 910 (Jan. 22, 2007); Alexander v Hawk, 158 F.3d 1321, 1325-26 (11th Cir. 1998); see also Higginbottom v. Carter, 223 F.3d 1259 (11th Cir. 2000). The requirement is intended to "eliminate unwarranted federal-court interference with the administration of prisons" and allow "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Thus, under the law, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. See id. ("[Prisoners] must file an administrative grievance and, if the resolution of that grievance is unsatisfactory to them, they must exhaust available administrative appeals."). Georgia's grievance procedure involves three steps, and a prisoner is required to exhaust all three steps afforded to him prior to filing his lawsuit in federal court. See id.; Byrum v. Georgia Dept. of Corrections, 2011 WL 4083893 at *3 (S.D. Ga. Sept. 13, 2011) (describing Georgia's three-step grievance

procedure); Johnson v. Meadows, 418 F.3d 1152, 1157-59 (11th Cir. 2005) (stating "unless the prisoner completes the administrative process . . . exhaustion has not occurred"; Dotson v. Allen, 2006 WL 2945967 at (S.D. Ga. Oct. 13, 2006) (noting that under SOP IIB05-0001 the warden is entitled to a ten-day extension of the thirty-day period in which he is required to respond to a grievance and that, if there is no response, the prisoner is still required to then appeal to the Commissioner's Office once the time for response is exceeded); Sewell v. Ramsey, 2007 WL 201269 (S.D. Ga., Jan. 27, 2007) (finding that a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies). Plaintiff, by his own admission, has apparently failed to exhaust all three steps afforded to him prior to filing the present Complaint.

Failure to exhaust administrative remedies is, of course, an affirmative defense, and prisoners are not required to specially plead or demonstrate exhaustion in their complaint. Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). "However, the normal pleading rules still apply, and when an affirmative defense appears on the face of a complaint making it clear that a prisoner cannot state a claim for relief, dismissal is warranted under the screening process set out in 28 U.S.C. § 1915A." Cole v. Ellis, 2010 WL 5564632 at *3 (N.D. Fla. Dec. 28, 2010) ( "Thus, when a prisoner . . . admits in his complaint that he has not exhausted the grievance process, dismissal is

7

warranted.") (unpublished); see also, Okpala v. Drew, 248 Fed. Appx. 72, 73 (11th Cir. 2007) ("Where, as here, an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint.") (unpublished); Rashid v. Liberty County Jail, 2010 WL 3239241 at * 1 n. 1 (S.D. Ga. May 3, 2010) ("Nothing in Jones . . . forbids the Court from dismissing a complaint pursuant to § 1997e(a) if it is clear from the face of the complaint that the prisoner has not exhausted all administrative remedies available to him.") (unpublished).

For all these reasons, the Court finds that Plaintiff's Complaint is fatally deficient and that any attempt to recast or supplement the Complaint would likely be futile. Plaintiff's Complaint is accordingly **DISMISSED** without prejudice pursuant to 28 U.S.C. ▪ 1915A(b).

Plaintiff's Motion for Appointment of Counsel [Doc. 3] is obviously **DENIED**. The issues raised in Plaintiff's Complaint were neither so novel nor so complex that he needed counsel at this stage of the proceeding. See Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Plaintiff's Motion for Transfer to a new detention facility [Doc. 3] is likewise **DENIED**.   Well-established law provides that prisoners have no constitutional right to remain in, or be transferred to, a particular institution. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).   Because prisoners do not have the right to remain incarcerated within a

particular geographic area or at a particular prison, Plaintiff has no legal right to a court order directing his transfer.  Furthermore, Plaintiff has not alleged that he is in any imminent danger of serious bodily harm so as to warrant emergency injunctive relief of this nature.  See Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1128 (11th Cir. 2005), *cert. denied*, 547 U.S. 1192, 126 S. Ct. 2862, 165 L.Ed.2d 895 (2006).

**SO ORDERED**, this 21st day of October, 2011.

                                                      S/   C. Ashley Royal
                                                    C. ASHLEY ROYAL, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT

jlr